UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRIME INSURANCE COMPANY,

    Plaintiff,

v.                                                     Case No.:  2:24-cv-421-SPC-KCD

MEDICAB TRANSPORTATION, LLC, JASON RHODES, DALE JOHNSON and ESTATE OF MARGARET ST. AUBIN,

    Defendants.
                                          /

## OPINION AND ORDER

This matter comes before the Court after sua sponte review of the Amended Complaint (Doc. 6).  The Court is "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Because Plaintiff's allegations of diversity jurisdiction are inadequate, the Court dismisses without prejudice.

Plaintiff invokes the Court's diversity jurisdiction. (Doc. 6 ¶ 1). The Court previously dismissed the complaint because Plaintiff insufficiently alleged the citizenship of Prime Insurance Company and Medicab Transportation, LLC. (Doc. 5). Plaintiff amended. (Doc. 6). Plaintiff has

sufficiently addressed Prime Insurance Company's citizenship, but Medicab Transportation still needs work.

Medicab Transportation is a limited liability company. (Doc. 6 ¶ 3). An LLC "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). And each member's citizenship is determined by where she is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Regarding Medicab Transportation's members, Plaintiff alleges only that it "has a sole owner member who resides in Florida." (Doc. 6 ¶ 3). But residence—without more—does not show domicile. *See, e.g.*, *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (defining citizenship as a person's "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom[.]"). Because Plaintiff fails to properly plead the member's citizenship, it also fails to properly plead Medicab Transportation's citizenship.

Accordingly, it is now

**ORDERED:**

1. The Amended Complaint (Doc. 6) is **DISMISSED without prejudice.**

2. On or before May 27, 2024, Plaintiff must file a second-amended complaint consistent with this order. **Failure to comply could result in dismissal without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on May 21, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record