UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRIME INSURANCE COMPANY,

    Plaintiff,

v.                                              Case No.:   2:24-cv-421-SPC-DNF

MEDICAB TRANSPORTATION, LLC, JASON RHODES, DALE JOHNSON, ESTATE OF MARGARET ST. AUBIN, BY AND THROUGH MARK ST. AUBIN, personal representative,

    Defendant.
_____/

**<u>ORDER</u>**

This matter is before the Court on Prime Insurance Company's Motion for Protective Order (Doc. 133). Defendant Estate of Margaret St. Aubin filed an Opposition. (Doc. 138). This matter involves an insurance dispute over whether insurance policies issued by Prime Insurance Company ("Prime") provide coverage for an accident involving Margaret St. Aubin, Medicab, and its employees. The Estate of Margaret St. Aubin ("St. Aubin") seeks to depose Rick Lindsey who is Prime's CEO. Prime contends that St. Aubin should be required to depose employees of Prime and not the CEO who has little or no involvement with handling this claim.

The deposition of a high-ranking corporate officer is known as an apex deposition. *Action Nissan, Inc. v. Hyundai Motor Am. Corp.*, No. 6:21-cv-2152-WWB-EJK, 2023 WL 4493962, at *1 (M.D. Fla. Apr. 26, 2023). "If a party seeks an apex deposition, it must show that the apex deponent has "'unique knowledge of the issues in the case or the information sought has been pursued unsatisfactorily through less intrusive means.'" *Id*. (quoting *Goines v. Lee Mem'l Health Sys.*, No. 2:17-cv-656-FTM-29CM, 2018 WL 3831169, at *4 (M.D. Fla. Aug. 13, 2018) (internal quotations omitted)). This requirement is to avoid an executive from being subject to numerous, repetitive, harassing, and abusive depositions. *Id*.

Here, Prime claims that Mr. Lindsey "was not involved in the handling of this claim, and his only involvement in the underwriting of the Medicab policies stems from a one-word ("Approved") e-mail dated April 16, 2021 (Bates PRIME000462)" (Doc. 133, p. 2). Prime attached the declaration of Mr. Lindsey in support of the motion. (Doc. 133-1). In the declaration, Mr. Lindsey states that he was aware of the litigation between Medicab and Prime and the coverage dispute that relates to St. Aubin's underlying litigation. He claims that the underwriting department is authorized to use his electronic signature on policy forms and endorsements and his involvement in the underwriting of any policies sold to Medicab was limited to a one-word email ("Approved").

St. Aubin argues that Mr. Lindsey had much more involvement than claimed by Prime and submitted documents supporting this claim. Mr. Lindsey was identified as the contact and producer for the Medicab May 8, 2020 policies. (Doc. 138, p. 3; Doc. 138-4, p. 8, 9). When Medicab sought renewal for the policies, Mr. Lindsey approved them. (Doc. 138, p. 3-4; Doc. 138-5, p. 2). Mr. Lindsey was identified as the contact and producer for the April and May 2021 insurance policies. (Doc. 138, p. 4). Mr. Lindsey sent a letter to Medicab expressing gratitude for the opportunity to meet Medicab's insurance needs with customized policies for Medicab. (Doc. 138, p. 4; Doc. 138-8, p. 2). After St. Aubin's accident, Mr. Lindsey authorized the removal of coverage in the Medicab policies for the unloading and loading off the scheduled vehicles. (Doc. 138, p. 5; Doc. 138-11, p. 2). Finally – and arguably contradicting Mr. Lindsey's declaration statements – in response to written discovery, Prime identified Rick Lindsey as a person who participated in the procurement or negotiation of the insurance policies at issue and participated in the underwriting of them. (Doc. 138, p. 6; Doc. 138-13, p. 4-5).

From the documentation supporting St. Aubin's arguments – especially the response to interrogatories – it appears that Mr. Lindsey participated in and has knowledge of the procurement, negotiation, and underwriting of these insurance policies. Thus, Mr. Lindsey has unique knowledge of the policies in this case and therefore the apex deposition doctrine does not apply here. Prime will provide three

dates for the deposition of Mr. Lindsey and the deposition must be completed before the end of November.

Accordingly, it is hereby **ORDERED**:

(1)  The Motion for Protective Order (Doc. 133) is **DENIED**.

(2)  Prime will provide three dates for the deposition of Rick Lindsey and the deposition must be completed before the end of November.

**DONE** and **ORDERED** in Fort Myers, Florida on November 4, 20205.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties